UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

DARRELL M. MAYMON,

   Petitioner,

  v.            No. 4:19 CV 9

WARDEN,

   Respondent.

## OPINION and ORDER

Darrell M. Maymon, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction for burglary under Case No. 48D03-0111-CF-403. Following a jury verdict, the Madison Superior Court sentenced him to seventy years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the operative date is "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Though Maymon did not provide enough information for the court to identify this date with specificity, his post-conviction proceedings terminated on February 29, 2008, and he had clearly completed direct review by that date. *Maymon v. State*, 882 N.E.2d 210 (Ind. 2018). As a result, though Maymon's conviction likely became final at an earlier date, it was necessarily final by February 29, 2008. Assuming that the conviction became final on that date, the federal limitations period expired one year later on February 28, 2009. Therefore, when Maymon filed his habeas petition in January 2019, he was at least nine years too late, and he provides no reason for the delay. Therefore, the court dismisses this petition because it is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Maymon to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) **DISMISSES** the habeas petition (DE # 1) because it is untimely;

(2) **WAIVES** the filing fee;

(3) **DIRECTS** the Clerk to enter judgment and close this case; and

(4) **DENIES** Darrel M. Maymon a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED.**

Date: June 19, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT